UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DESHAWN JOHNSON,

                        Petitioner,                    Case No. 4:22-cv-12306
                                                                Hon. F. Kay Behm

v.

JAMES SCHIEBNER,

                        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS
CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND
(3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

**I**

Brandon DeShawn Johnson is serving a life sentence for his 2006 Eaton Circuit Court conviction of first-degree murder and felony-firearm. He unsuccessfully pursued federal habeas relief with respect to that conviction. *See Johnson v. Booker*, 11-11134 (E.D. Mich. March 26, 2014); *Johnson v. Booker*, No. 14-1390 (6th Cir. Aug. 29, 2014).

Johnson does not directly challenge his Eaton County conviction in the present petition for writ of habeas corpus he filed under 28 U.S.C. § 2241. Rather, on its face, the present petition challenges Johnson's 2006 Oakland Circuit Court

1

guilty plea conviction of carrying a concealed weapon, assaulting a police officer, and driving while license suspended, for which he was sentenced to 183 days in jail.

There is a reason Johnson is attempting to overturn his long-expired Oakland County conviction. It was the police officers in the Oakland County case who found the gun used in the Eaton County murder in the car Johnson was driving. Johnson says that the resulting Oakland County conviction was used against him by the prosecutor in his Eaton County murder trial. (See ECF No. 5, PageID.47-49.)

The petition raises four claims challenging the Oakland County conviction: (1) there was no evidence that Johnson possessed the firearm found in the trunk of the vehicle he was driving, (2) Johnson was denied the effective assistance of counsel during the plea hearing, (3) the prosecutor committed misconduct, and (4) the police concealed evidence. (*Id.*, at PageID.27.)

Before the Court is Respondent's motion to dismiss the petition because Johnson no longer meets that custody requirement for his Oakland County conviction. (ECF No. 10.) The Court grants the motion because it lacks subject matter jurisdiction.

## II

A petition for habeas corpus is a challenge to the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 484, 493 (1973). In order for the Court to have subject matter jurisdiction, the petitioner must be "in custody" at

the time he files his petition. *See* 28 U.S.C. § 2241(c); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). A prisoner is not "in custody" when the sentence imposed for the conviction under attack has fully expired. *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). Here, Johnson's Oakland County conviction is fully expired – he fully served his 183-day jail sentence in 2006.

There is an exception that allows an indirect challenge to an expired sentence, but it does not save Johnson's petition. A habeas petitioner can indirectly challenge an expired conviction where the prior conviction was used to enhance his current sentence. *See Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401-02 (2001); *Maleng*, 490 U.S. at 493-94.

The exception does not apply here for two reasons. First, Johnson is not asserting that his Oakland County sentence was used to enhance his Eaton County sentence. Rather, Johnson is asserting that his prior expired sentence was used as evidence against him in his current case. Such a challenge does not invoke the exception recognized in *Maleng*. *See, e.g., Hupp v. Harris*, 2018 WL 3032576; 2018 U.S. Dist. LEXIS 102562, *22-23 (S.D. Cal. June 18, 2018) ("[C]ourts have not held that a petitioner can challenge the validity of an expired conviction merely because it was introduced—rightly or wrongly—as evidence at the trial that resulted in a petitioner's current convictions and custody.").

Second, the exception is, in actuality, a challenge to the habeas petitioner's *current sentence* as enhanced by the prior allegedly invalid conviction. *Id*. at 493. However, Johnson already has filed an unsuccessful habeas petition challenging his Eaton County conviction. Thus, if the Court construed the instant petition as a challenge to the Eaton County conviction, the action would constitute a second or successive habeas petition. But "[b]efore a second or successive application . . . is filed in the district court, the applicant [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Johnson has not done so, and without authorization from the Court of Appeals, the Court lacks jurisdiction to consider a petition challenging Johnson's Eaton County conviction. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Consequently, whether the Court construes the petition as a challenge to his expired Oakland County conviction or one to his already-challenged Eaton County conviction, the Court lacks subject matter jurisdiction. The case must therefore be dismissed.

## IV

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

4

The Court denied the petition on the procedural ground that it lacked subject-matter jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims for lack of subject-matter jurisdiction. Therefore, the Court denies Petitioner a certificate of appealability.

The Court will also deny permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## IV

Accordingly, the Court 1) grants Respondent's motion to dismiss and **DISMISSES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

Dated: August 28, 2023

s/F. Kay Behm
F. Kay Behm
United States District Judge